**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **Case No. 1:24-mj-282** |
| HASAN HAMDAN, ) | **Hon. William B. Porter** |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO CONTINUE STATUS HEARING**

COMES NOW the defendant, Hasan Hamdan, by counsel Courtney S. Dixon and submits this Opposition to the Government's Motion to Continue the status hearing scheduled for September 17 2024 (ECF No. 9) for 45 days.  Mr. Hamdan requests to proceed with the status hearing as scheduled and set a trial date.  In support of this motion, Mr. Hamdan submits the following:

1. On May 3, 2024, Mr. Hamdan was a passenger in a vehicle driven by Mohammad Dabous who was a delivery driver.

2. Mr. Dabous and Mr. Hamdan approached the Quantico Gate on Fuller Road, where law enforcement confirmed that the driver had a valid reason to travel on base to the town of Quantico.

3. Law enforcement ordered the driver to move to the holding area for inspection, but upon information and belief, the driver continued onto base because he did not understand the instruction due to a language barrier.  However, the driver ultimately stopped and complied with additional orders given.

4. As a result, Mr. Hamdan was arrested for trespass in violation of 18 U.S.C. § 1382 on May 3, 2024 for being the passenger in Mr. Dabous's delivery truck. He was given a citation for the offense.

5. As a result of this arrest, Immigrations and Customs Enforcement ("ICE") was contacted and Mr. Hamdan was taken into ICE custody.

6. Mr. Hamdan remained in ICE custody for approximately one month before he was released on a $15,000 bond.

7. On July 9, 2024, more than two months after the incident date, the government filed a Criminal Information charging Mr. Hamdan with trespass on a military installation, in violation of 18 U.S.C. 1382.  ECF No. 1.

8. Mr. Hamdan appeared before this Court for his initial appearance on July 22, 2024.  ECF No. 3.  A status conference was scheduled for September 17, 2024.

9. Between the initial appearance and the filing of this motion, defense counsel has been in contact with the government regarding a resolution of this matter.

10. On August 9, 2024, defense counsel provided the government with documentation establishing that Mr. Doubous did, in fact, have a delivery on Marine Base Quantico on the date in question.

11. The government independently confirmed this information with Mr. Doubous' employer.  *See* ECF No. 9 at 3.

12. This case was initiated six months ago at the time of Mr. Hamdan's arrest and has been pending before this Court for two months.  Now the government requests additional time and another status conference.

13. The government references a desire to "verify certain information" in order to reach a resolution in the case as their basis for requesting a continuance. *Id*. However, the government has already verified with Homeland Security Investigations (HSI) and Enforcement and Removal Operations for U.S. Immigration and Customs Enforcement (ERO) that they have no national security concerns as it relates to Mr. Hamdan. *Id*. At 4. The government has determined that Mr. Hamdan is not on any watch-list, nor is there a Guardian investigation. *Id*. And the government also consulted the Federal Bureau of Investigation (FBI) which indicated that they were not aware of any nexus to terrorism with Mr. Hamdan. *Id*.

14. If the parties proceed with the status conference on September 17th as scheduled, a trial date will be set, and the government will still have sufficient time to do any further investigation that they deem necessary for this minor infraction and reach a potential resolution before trial.

15. The charged offense, 18 U.S.C. § 1382, is a class B misdemeanor. Defense counsel recognizes that the Fourth Circuit has found that class B misdemeanors are considered petty offenses and are not subject to the speedy trial act. *United States v. Green*, 165 F.3d 912 (4th Cir. 1998). However, even petty offense cases should not be pending in perpetuity.

16. The government has had five months to investigate the minor allegation in this case, the officers on scene and now the government have been provided with documentation to confirm why Mr. Dabous and Mr. Hamdan were present at

3

Quantico on May 3, 2024, and the government has consulted with all necessary federal agencies for background information about Mr. Hamdan, eliminating the need for an additional status conference.

17. Mr. Hamdan requests that the Court deny the government's request to continue the status conference, proceed with the status conference on September 17th as scheduled, and set the matter for trial on that date.

18. It would be in the interest of justice to deny the government's request for a continuance.

Respectfully submitted on September 13, 2024.

**HASAN HAMDAN**
by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by:_____s/_____
Courtney S. Dixon, Esq.
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0879
Facsimile: (703) 600-0880
courtney_dixon@fd.org